## J. Ellsworth Marshall, Administrator, Appellant, v. Illinois Central Railroad Company, Appellee.

### (Not to be reported in full.)

Appeal from the Circuit Court of Ford county; the Hon. Thomas M. Harris, Judge, presiding. Heard in this court at the April term, 1917. Reversed and remanded. Opinion filed October 11, 1917. Rehearing denied December 1, 1917.

### Statement of the Case.

Action by J. Ellsworth Marshall, administrator of the estate of Omah J. Marshall, deceased, plaintiff, against the Illinois Central Railroad Company, defendant, to recover for his intestate's death through collision with a train in the limits of a city. The evidence as to the speed of defendant's train, the giving of signals and the care of deceased was conflicting. From a verdict and judgment for defendant, plaintiff appeals.

Phillips & Swanson, for appellant.

Cloud & Thompson, for appellee; John G. Drennan, of counsel.

Mr. Presiding Justice Graves delivered the opinion of the court.

### Abstract of the Decision.

1. Instructions, § 94*—*when instruction on right to reject false testimony of witnesses is proper.* In an action to recover for a death alleged to have been caused by negligence, where the evidence as to the negligence alleged is conflicting, it is proper to instruct the jury that if they "believe from the evidence that any witness or witnesses in this case have wilfully and knowingly sworn falsely to any ma-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

terial fact in the case, they have the right to reject the entire testimony of such witness or witnesses in matters where their testimony is not corroborated by other witness or witnesses whom they believe from the evidence to be credible or from facts or circumstances appearing in evidence and proven upon the trial."

2. INSTRUCTIONS, § 111*—*when instruction ignoring counts of declaration is not erroneous.* In an action to recover for death by wrongful act, the court may properly instruct the jury that plaintiff may recover if he proves by a preponderance of evidence his right to recover "as alleged in the first, second or third count of the declaration, and it is not necessary for him to prove his right to recover under all of said counts," though a form of the instruction which told the jury what facts plaintiff was required to prove in order to recover would have been preferable.

3. DEATH, § 74*—*when requested instruction on due care of deceased should not be refused.* In an action to recover for a wrongful death caused by being struck by a train at a crossing, an instruction as to the due care of the deceased which announces the rule to be that he was required to exercise ordinary care for his own safety while approaching the crossing, immediately prior to the injury, and while he was on said crossing, should not be refused, though inaptly worded, as it sufficiently states that it was the duty of deceased to exercise ordinary care for his own safety at the time he was approaching the crossing, and while he was on the crossing, at the time of and immediately before the injury.

4. DEATH, § 73*—*when instruction referring to declaration is properly refused.* In an action to recover for wrongful death, an instruction on the measure of damages which makes reference to the amount claimed in the declaration is properly refused.

5. DEATH, § 74*—*when instruction on contributory negligence of deceased is erroneous.* In an action to recover for a wrongful death caused by collision of an automobile with a train at a crossing, it is error to instruct that if the jury believe from all the facts and circumstances, if any, shown by the evidence, that if the deceased "by the exercise of such diligence as is usually exercised by ordinarily prudent persons to protect themselves from injury, could reasonably have done some act which would have apprised him of the approach of the train in time to avoid the collision, it was his duty to do such act, and if he did not so do, he was guilty of contributory negligence and cannot recover."

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.